Argued June 4, affirmed July 25, 1962

## BROOME *v.* GLADDEN
### 373 P. 2d 611

*Duane R. Ertsgaard,* Salem, argued the cause and submitted a brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

O'CONNELL, J.

This is a post-conviction proceeding brought under ORS 138.510 to 138.680. Petitioner seeks his discharge from the penitentiary on the ground that the sentence imposed was not in accordance with the sentence authorized by law, relying upon ORS 138.530 (c).[①] Petitioner appeals from a judgment dismissing the proceedings after the court had sustained defendant's demurrer to the petition and petitioner refused to plead further.

Petitioner was charged with the crime of obtaining money by false pretenses. ORS 165.205. The relevant part of the information on waiver of indictment charged the defendant in the following language:

"That said Harold E. Broome on the 17th day of December, 1956, in the said County of Yamhill and State of Oregon, then and there being, did then and there unlawfully and feloniously, with intent to injure and defraud falsely pretend to Gilmore Sebo of Erickson's Market, McMinnville, Oregon, that he, the said Harold E. Broome, had on deposit with the First National Bank of McMinnville, McMinnville, Oregon, subject to check, the sum of $20.00, and that a certain bank check drawn on said bank for said sum of money, dated

---

[①] Post-conviction relief is afforded under ORS 138.530 (c) where there is a "Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence."

the 17th day of December, 1956, payable to Erickson's Market, signed by Harold E. Broome and then and there delivered by him to said Gilmore Sebo, was a good and valid check for said sum of money by means of which false pretenses and fraudulent check, the said Harold E. Broome did then and there unlawfully obtain from the said Gilmore Sebo, $20.00 in lawful money of the United States of America, who was then and there induced to turn over therefor the said money, whereas in truth and in fact the said Harold E. Broome did not then and there have on deposit in said bank, subject to check the same sum of money and the said bank check was neither good nor valid, but was void and worthless, all of which the said Harold E. Broome then and there well knew, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Petitioner was sentenced to three years in the penitentiary. His contention that the sentence was excessive rests upon the ground that the crime charged is punishable under either ORS 165.205 (obtaining property by false pretenses) or ORS 165.225 (drawing check on insufficient funds). ORS 165.225 limits the sentence to the county jail if the amount of the check does not exceed $25,[⑨] whereas ORS 165.205 permits the imposition of a penitentiary sentence irrespective of the amount obtained.

Petitioner contends that the same facts may constitute an offense under either statute and that consequently there is delegated to the district attorneys and grand juries the power to prosecute for a misdemeanor or felony upon the same facts. This delegation of discretion, it is urged, violates the equal

---

[⑨] This amount was changed to $75 by Oregon Laws 1959, Ch 508.

protection guarantees prescribed in Article I, § 20, Oregon Constitution and in the Fourteenth Amendment, United States Constitution. Petitioner relies upon *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955).

We do not accept petitioner's basic premise. We construe ORS 165.205 and ORS 165.225 as defining mutually exclusive crimes. ORS 165.225 applies only where the accused has, prior to presenting the check, established an account in the bank upon which the check is drawn. Where no debtor-creditor relationship exists between the accused and the drawee bank the drawer may be prosecuted under ORS 165.205 but not under ORS 165.225. Cf., *State v. Wittman*, 85 Ariz 292, 337 P2d 280 (1959).

The judgment of the lower court is affirmed.