Marvin A. BREIER, Petitioner,

v.

Clarence T. GLADDEN, Warden of Oregon State Penitentiary, Respondent.

Civ. No. 63–518.

United States District Court
D. Oregon.

April 22, 1964.

Dan O'Leary, Pozzi, Levin & Wilson, Portland, Or., for petitioners.

C. L. Marsters, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for respondent.

JOHN F. KILKENNY, District Judge.

On the 28th day of July, 1959, the petitioner was charged by the Grand Jury of Malheur County, State of Oregon, with the crime of obtaining money by false pretenses. The indictment, in considerable detail, presented the nature of

the crime charged.[1] To be kept in mind is the fact that the indictment charged the petitioner with making, dating and presenting the check on the same day, i. e., the 8th day of June, 1959. Shortly thereafter, petitioner was committed to the Idaho State Penitentiary in connection with the commission of another crime. On his release, September 5, 1962, he was transported to Oregon, where he was arraigned in the Circuit Court of Malheur County on the charge contained in the above indictment. Prior to the arraignment the petitioner consulted with an attorney, who was authorized to practice in the State of Idaho, but not in the State of Oregon. At the time of the arraignment the petitioner entered a plea of guilty to the charge in the indictment and on September 11, 1962, was sentenced to commitment in the Oregon State Penitentiary for a term not to exceed three years.

Seeking relief under the Oregon Post-Conviction Act, the petitioner filed a petition in the Circuit Court of Marion County in December, 1962. Subsequent to trial, on said petition, that Court entered an order dismissing the petition. Petitioner did not prosecute an appeal to the Oregon Supreme Court from that order.

■ Although, in the exercise of the Court's discretion, this proceeding could probably be dismissed on the theory that petitioner has not exhausted his state remedies, I feel there was sufficient compliance to justify the Court is assuming jurisdiction. The first three issues of fact, outlined by the Pre-Trial Order, should be disposed of together. These issues are:

(a) Was the petitioner denied the right to counsel at both his arraignment and sentencing?

(b) Was the petitioner incompetently represented by reason of the fact that he consulted with an attorney from another jurisdiction, who was not admitted to practice in Oregon?

(c) Was the plea of guilty of the petitioner in the criminal proceeding, voluntarily made and free from misrepresentation?

■ A hearing was held before me, on all of petitioner's contentions, at which time he testified, at length, on what he claimed transpired prior to, and at the time of, his arraignment and sentence. Although petitioner testified that the transcript of the proceedings on the arraignment was erroneous, he later, on cross-examination, conceded that the transcript was correct on the matters reported, but that, in his best judgment, the transcript was incomplete and did not include some of the discussion with the Judge on the subject of probation. The petitioner was evasive in his answers.

[1]. * * * * *
"The said MARVIN BREIER on the 8th day of June, 1959, in the said County of Malheur, and State of Oregon, then and there being, did then and there willfully and feloniously, with intent to injure and defraud, falsely pretend to Glenn High, doing business under the firm name and style of Vale Hardware, that he, the said Marvin Breier had on deposit with Vale Branch, The United States National Bank of Portland, Vale, Oregon, subject to check, the sum of $25.00 and that a certain bank check drawn on said bank for said sum of money dated the 8th day of June, 1959, signed by him and then and there delivered by him to the said Glenn High was a good and valid check for said sum of money by means of which false pretenses and fraudulent check the said Marvin Breier did then and there unlawfully and feloniously obtain from the said Glenn High the sum of $25.00, money of the United States of America, the property of the said Glenn High who was then and there induced by the said false pretenses to accept said bank check and to pay therefor the sum of $25.00, whereas, in truth and in fact, the said Marvin Breier, did not then and there have on deposit in the said bank subject to check the said sum of money, and the said bank check was neither good nor valid, but was void and worthless, all of which he, the said Marvin Breier, then and there well knew, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."
* * * * *

to many material questions. I was not impressed with his testimony. The record of the hearing at the time of the arraignment conclusively demonstrates that petitioner's first three contentions are without merit. The record of the hearing [2] on arraignment shows that the indictment was read to the petitioner and that the petitioner was fully advised of his right to an attorney.

Petitioner stated that he could read the English language, voluntarily waived time within which to plead and then entered his plea of guilty. On the hearing before this Court, the petitioner attempted to imply that he received unreliable advice from the Idaho attorney. The transcript of the hearing on arraignment shows there was no such reliance. If, as petitioner now contends, the check in question was postdated, he was in duty bound to mention that fact to the Court at the time of arraignment. The check on which petitioner was prosecuted was not postdated, which fact appears on the face of the indictment. Along the same line of argument, the petitioner claims that an Oregon attorney, if appointed, would have challenged the sufficiency of the indictment and that the Oregon court would have been compelled to hold the indictment insufficient. I disagree. State v. Reynolds, 229 Or. 167, 366 P.2d 524. Petitioner's reliance on Broome v. Gladden, 231 Or. 502, 373 P.2d 611

(1962); and Lunce v. Overlade, 244 F.2d 108, 74 A.L.R.2d 1384 (7 Cir. 1957), is misplaced. Neither case, when analyzed in the light of the facts here presented, support petitioner's position.

Additionally, the Circuit Court of Marion County, in the post-conviction proceedings, must, of necessity, have passed on the validity of the indictment. The Circuit Court is a Court of general jurisdiction in the State of Oregon. In declaring and applying the State Law such a Court is acting in its official capacity as a judicial branch of the State and its determination, in the absence of a decision by the highest Court of the State, should be followed by a Federal Court in deciding the State question. Fidelity Union Trust Co. et al v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. On the first three issues of fact presented, I find:

(a) That petitioner was not denied his right to counsel at either the arraignment or the sentencing and that he voluntarily and knowingly waived such right.

(b) I find there is no evidence supporting petitioner's contention that he was incompetently represented, by reason of the fact that he consulted an attorney from another jurisdiction. In fact, petitioner knowingly and voluntarily waived his right to consult with an Oregon attorney.

2. * * * * *
(Indictment reading omitted)
"The Court: How old are you?
Mr. Breier: I am 42 years old.
The Court: Do you have an attorney to represent you in this case?
Mr. Breier: No, I don't.
The Court: Do you desire the services of an attorney?
Mr. Breier: I would like to waive that.
The Court: Do you understand, Mr. Breier, that every person charged with a crime in this Court is entitled to counsel if he so desires?
Mr. Breier: Yes, sir.
The Court: For what reason do you wish to waive the right to have counsel represent you?
Mr. Breier: Well, Your Honor, I feel as though that I am guilty of it and I don't want to put the State to any more

expenses than is necessary. And I would like to say that I would appreciate all the things the Court could do for me in this case. So therefore I would not like to have an attorney.
The Court: Now, Mr. Breier, yesterday we had some business here in Court and there was an attorney here * * *, it was a Mr. Fairchild from Boise, Idaho. And I did talk to him in Chambers. He did not come over as your attorney, knowing he did not practice in the State of Oregon but he talked to me in Chambers. I want you to understand that Mr. Fairchild is not an attorney from the State of Oregon and probably does not know the Laws of the State of Oregon. You do understand that?
Mr. Breier: Yes sir. * * *"
* * * * *

(c) I find that petitioner's plea of guilty in the original proceeding was voluntarily made with full knowledge of the facts.

In making these findings, I fully recognize the general principles of law as stated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and related cases. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 and Lunce v. Overlade, do not apply to this factual background. For example, in Lunce v. Overlade, the out-of-state attorney in fact represented the accused at the time of the trial and was so lacking in diligence and competence that the trial was reduced to a sham. There the accused completely relied on the ability and advice of the attorney. Here, the out-of-state attorney had no connection with the case, other than a preliminary conference and the record shows that the petitioner pleaded guilty because he, in fact, knew he was guilty. Furthermore, the Judge told the petitioner that the out-of-state attorney was not informed on Oregon Law.

█ The next issue to be disposed of is the charge that the sentencing Judge was prejudiced. There is absolutely nothing in the record to support this charge. The most that can be said of the evidence is that petitioner believed the Judge was prejudiced because he did not grant probation. The failure to grant probation, under the facts in this case, does not rise to the dignity of plausible argument, let alone an inference of prejudice on the part of the Judge.

The Court is unable to follow the petitioner's argument that the Oregon statute of limitations barred the prosecution at the time of the arraignment and entry of the plea. The applicable statute [3] would require the State to file the action within three years after the commission of the crime. The action is commenced within the meaning of the law when the "indictment is found and filed".[4] Here the indictment was found and filed within a short period after the commission of the crime. There is no Oregon statute limiting the time within which a defendant must be arrested, arraigned and brought to trial, after indictment. The length of time between the return of the indictment and the arraignment in this cause is fully explained by petitioner's confinement in the Idaho State Penitentiary. Worthy of mention is the fact that the time when petitioner was not an inhabitant of or a resident within the State is not part of the limitation period.[5]

Petitioner urges that the statute [6] under which petitioner was prosecuted is unconstitutional. State v. Pirkey, 203 Or. 697, 281 P.2d 698 (1955) pointed out the unconstitutionality of ORS 165.255 as it then existed. The statute was later amended to remedy the defects made apparent in Pirkey. The principles announced in that case have no application to the statute in its present form.

Petitioner argues that he is confined in violation of his constitutional rights in view of the fact that his prosecution is for failure to pay a debt, rather than for the commission of a crime. His entire argument is premised on his claim that the check in question was a postdated check. I have already found, and I adhere to that finding, that the entire record in this case is to the contrary. We are dealing only with the crime charged in the indictment and the check therein mentioned was not postdated.

█ In any case, this contention was, or should have been, presented in the post-conviction proceeding in which the Oregon Court held against petitioner. I should not inquire into the reasons for that Court's construction of its own laws and constitutional provisions. Reed v. Rhay, 323 F.2d 498, 499 (9 Cir. 1963). On the issues of fact raised in the post-conviction proceedings, the judgment of the trial court is conclusive. Alcorn v. Gladden, Or., 390 P.2d 625 (March 18, 1964). This rule is applicable to all issues of fact raised by petitioner.

3. ORS 131.110.
4. ORS 131.130.

5. ORS 131.120.
6. ORS 165.205.

Although not an issue under the pre-trial order, the petitioner has asked the Court to examine the legality of the method by which he was removed from the State of Idaho to the State of Oregon, immediately prior to his arraignment. It is my conclusion that the record on the subject is so incomplete that I could not, even though the issue was properly presented in the pre-trial order, arrive at an intelligent finding on the subject. Furthermore, the issue was not outlined in the pre-trial order and seems to be an afterthought.

I cannot close without complimenting assigned counsel for his tireless efforts on behalf of his client. Every issue raised was presented with commendable clarity.

This Opinion shall stand as my findings. Petitioner is entitled to no relief and his petition should be dismissed.

It is so ordered.