Argued September 28, affirmed October 15, petition for rehearing
denied November 12, petition for review denied
December 15, 1970

## STATE OF OREGON, *Respondent*, *v.*
## CLYDE WILLIAM LOSEY,
*Appellant.*
475 P2d 430

*Peter L. Powers*, Albany, argued the cause for appellant. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

Defendant appeals from conviction of obtaining money by false pretenses. ORS 165.205.

The defendant cashed a check purportedly made and signed by his wife, Karen R. Losey. The store clerk was questioned extensively about the representations defendant made in order to get her to cash the check. Her first response was that defendant said "his bank account was transferred up here to the First National Bank from the Florence bank." The clerk testified that she relied upon the check as well as the representations.

On the trial day, before commencing trial defendant's counsel moved for a postponement in order to find defendant's wife, whom he wanted as a witness. There was no compliance with ORS 136.070, which requires an affidavit showing good cause as a prerequisite for such a postponement. Defendant now asserts that the trial judge abused discretion in refusing to postpone.

This contention is without merit for reasons set out in *State v. Brauhn*, 247 Or 430, 430 P2d 1012 (1967); *State v. Young*, 1 Or App 562, 463 P2d 374 Sup Ct *review denied* (1970); and *State v. Sands*, 2 Or App 575, 469 P2d 795 Sup Ct *review denied* (1970).

■ Neither the defendant nor his wife had an account in the bank upon which the check was drawn. The defendant contends that the representation he made that the account was "being transferred" was a representation of something to be done in the future and that the court erred in submitting the case to the jury. The transcript shows that, although the clerk's testimony conflicted about whether defendant told her the money was already transferred, she explained on cross-examination:

> "Listen, sir, if he was transferring, he had to open up an account, didn't he? So apparently—I don't know how much money he had in there. I assumed now that he hasn't even opened one but he led me to believe that he had opened up his account * * * and the rest of the money was to be transferred * * * but he did not lead me to believe that he didn't have enough money in there to cover that check."

This testimony, plus her assertion that she relied upon the check, made a jury question.

> "* * * The giving of such an instrument is * * * a representation that the drawer has money or credit with the bank * * *. * * * [I]t is not necessary that the drawer should have told the person to whom he gave the check that he had funds or credit in the bank * * *." *State v. Hammelsy*, 52 Or 156, 158-59, 96 P 865, 132 Am St R 686, 17 LRA (ns) 244 (1908).

■ The defendant assigns as error an instruction which defined a false writing. No exception was taken to

the instruction. We will not consider the alleged error. *State v. Andrews*, 2 Or App 595, 469 P2d 802 Sup Ct *review denied* (1970).

■ The last alleged error is that the trial court should have set aside the conviction on defendant's motion because ORS 165.205 violates defendant's constitutional right to equal protection of the law. The alleged unconstitutionality is in the statute's provision that allows punishment for either a felony or a misdemeanor, after conviction, in the discretion of the sentencing judge. The Oregon Supreme Court considered the same challenge to another statute with similar sentencing provisions and rejected it. *State v. McDonald*, 231 Or 24, 361 P2d 1001 (1961), *cert denied*, 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962).

Affirmed.