Motion to dismiss allowed and judgment of court below affirmed January 28, 1971

CLYDE LOSEY, *Appellant, v.* CUPP, *Respondent.*

479 P2d 1023

No appearance contra.

PER CURIAM

The petitioner appeals from an order of the trial court dismissing his petition for post-conviction relief. The state moves to dismiss under the provisions of

ORS 138.660① on the ground that the appeal presents no substantial question of law.

The petition raised only one question of law which the petitioner concedes has been decided adversely to him by this court in *State v. Losey,* 3 Or App 612, 615, 475 P2d 430, Sup Ct *review denied* (1970), wherein we said, at 597:

"The last alleged error is that the trial court should have set aside the conviction on defendant's motion because ORS 165.205 violates defendant's constitutional right to equal protection of the law. The alleged unconstitutionality is in the statute's provision that allows punishment for either a felony or a misdemeanor, after conviction, in the discretion of the sentencing judge. The Oregon Supreme Court considered the same challenge to another statute with similar sentencing provisions and rejected it. *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961), *cert denied,* 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962)."

Motion to dismiss allowed and judgment of the court below affirmed.

---

① ORS 138.660 provides:

"In reviewing the judgment of the circuit court in a proceeding pursuant to ORS 138.510 to 138.680, the Court of Appeals on its own motion or on motion of respondent and upon receipt of the trial court file and transcript, if any, may dismiss the appeal without oral argument or submission of briefs if it finds that no substantial question of law is presented by the appeal. A dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."