Argued February 19, affirmed March 11, 1971

STATE OF OREGON, *Respondent, v.*
ROY N. MacMULLEN, *Appellant.*

482 P2d 544

*Richard D. Curtis,* Eugene, argued the cause for appellant. With him on the brief were Hansen, Curtis & Strickland, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer,

Solicitor General, and Rhidian M. M. Morgan, Staff Attorney, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted upon separate trials of two offenses of obtaining property under false pretenses and was sentenced to three years' imprisonment on each conviction, the sentences to run concurrently. The cases were consolidated for purposes of appeal. The single issue presented will be more readily understandable following a statement of the relevant facts.

On December 29, 1969, defendant opened a low-cost personal checking account with a Portland branch of the First National Bank of Oregon, with a deposit of $50. Thereafter he wrote a check in the amount of $47 which the bank honored. On January 9, 1970, his account was charged a $0.12 fee for that check and $2.09 to cover the printing costs of defendant's personalized checks. This left a credit balance of $0.79. Between January 9 and 10 defendant wrote six more checks totalling $194.40, all of which the bank returned unpaid. The bank levied service charges totalling $15 against defendant's account for processing the six checks. On January 14, 1970, defendant's account indicated a debit balance of $14.21. On January 16, 1970, the bank closed defendant's account.

In a letter dated January 15, 1970, addressed to defendant at his Portland address as listed in its records, the bank advised defendant that his account had been closed and requested payment of the $14.21

overdraft. The letter was returned to the bank unclaimed. A similar letter dated February 17, 1970, met with the same result.

On May 1, 1970, defendant purchased and received certain merchandise from a Eugene store and drew a $55 check on this previously closed account in payment therefor. On May 3, 1970, he issued a second check, this one for $38.87, to another Eugene store in payment for goods received. Neither check was honored by the First National Bank. The defendant was charged with and convicted of obtaining property under false pretenses for each of these two check transactions.

This court is asked to decide a single issue: in light of the circumstances set forth above, can the state properly charge defendant under ORS 165.205①—the obtaining property by false pretenses statute—as it in fact did, or must it charge him, if at all, under ORS 165.225②—the worthless check statute—as defendant contends.

ORS 165.225 provides in pertinent part:

"(1) Any person who * * * wilfully and with intent to defraud, makes, draws, utters or delivers

---

① ORS 165.205 (1):

"Any person who, by any false pretenses or any privity or false token, and with intent to defraud, obtains or attempts to obtain from any other person, any money or property, or who obtains or attempts to obtain with like intent the signature of any person to any writing, the false making of which would be punishable as forgery, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than $500, or by both such fine and imprisonment."

② Called "worthless check statute" in State v. Scott, 237 Or 390, 390 P2d 328 (1964).

any check * * * upon any bank * * * knowing at the time of the making, drawing, uttering or delivering that the maker or drawer * * * has not sufficient funds in or credit with said bank * * * for the payment of the check * * * in full upon its presentation, although no express representation is made that there are sufficient funds in or credit with such bank * * * for its payment in full upon presentation, shall be punished upon conviction as follows:

"* * * * *

"(b) If the amount of such check does not exceed $75, by imprisonment in the county jail for not more than one year or by a fine of not to exceed $1,000, or both. * * *"

Since neither of the checks in question involved an amount in excess of $75, defendant would have been guilty under this statute of misdemeanors only, rather than the felonies charged under ORS 165.205.

The leading case on the applicability of ORS 165.225 is *Broome v. Gladden*, 231 Or 502, 373 P2d 611 (1962). In that case the Oregon Supreme Court definitively separated the statutes in issue here when it said:

"* * * We construe ORS 165.205 and ORS 165.225 as defining mutually exclusive crimes. ORS 165.225 applies only where the accused has, prior to presenting the check, established an account in the bank upon which the check is drawn. Where no debtor-creditor relationship exists between the accused and the drawee bank the drawer may be prosecuted under ORS 165.205 but not under ORS 165.225. Cf., *State v. Wittman*, 85 Ariz 292, 337 P2d 280 (1959)." 231 Or at 505.

Defendant relies on this language and contends that he had in fact established an account with the First National Bank prior to writing the worthless checks and that a debtor-creditor relationship did exist between

him and the bank in May 1970. Defendant asserts that he occupied the position of debtor and the bank that of creditor in view of the $14.21 overdraft on his account.

We cannot accept defendant's position. The debtor-creditor relationship contemplated by the Supreme Court in *Broome* was, no doubt, the relationship which is primary and basic to a checking account: an individual deposits his money in a bank which gives him credit for the amount deposited, thereby making the depositor the creditor and the bank the debtor. Such is not the case here. Defendant exhausted his credit with the First National Bank as of January 14, 1970. The account was closed on January 16.[9] From that date on no debtor-creditor relationship, as that term was used in *Broome v. Gladden,* supra, existed between the First National Bank of Oregon and defendant. Defendant was properly prosecuted under ORS 165.205 for obtaining property by false pretenses.

Affirmed.

---

[9] The authority of the bank to close the account was not questioned and the trial court's finding of guilty was a determination that the account was closed.