Argued April 19, affirmed May 13, 1971

STATE OF OREGON, *Respondent, v.*
DEBORAH STARR HODGES, *Appellant.*
484 P2d 1107

*Edward N. Fadeley,* Eugene, argued the cause for appellant. With him on the brief was David L. Jensen, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Defendant appeals from conviction by the court of obtaining money under false pretenses. ORS 165.205. The basis of the charge was that the defendant passed a check drawn upon a closed bank account. She claims error in that (1) the indictment did not charge a crime because it did not allege that the account was nonexistent or closed; (2) that the check was never formally presented to the bank for payment; (3) that the victim had actual notice that defendant's account had been closed; and (4) the sale of the property for which the check was given was not completed.

Defendant gave the $60 check in question to a clerk in Fredrick's store for three items of women's clothing which she purchased on December 18, 1969. On it was written a phone number and address given by defendant, neither of which had been defendant's for about a year.

A bank official testified that defendant's account was opened on September 30, 1968; closed on June 3, 1969, because of overdrafts; re-opened on June 24, 1969, and finally closed on October 14, 1969, because of further overdrafts. There was no money in the account on December 18, 1969. Another bank employe testified that in November of 1969 she had a telephone call from a person who gave defendant's account number and asked for the balance in it. She said the voice was that of the defendant. After checking she told the caller that the account was closed. She testified that she had talked with the defendant over the counter at least five times, and had talked with her on the phone additional times, and that she definitely identified the caller's voice as that of the defendant. She further testified that she handled, on the average, only 20 to 25 "problem accounts." The defendant denied that she had made such a phone call.

Defendant had previously passed a worthless check on the same account at another branch of Fredrick's store in Eugene, but this was unknown to the sales clerk who received the check in question. On December 19, after the store manager had learned that the defendant's worthless check had been received, defendant returned to the store and, according to testimony of a clerk, was attempting to receive credit for or exchange one of the items of clothing which she had purchased the previous day. Defendant was apprehended on the instant charge at that time.

Defendant testified that she was returning the merchandise because she had been thinking it over and thought she might not have enough money in her account to cover the check. The reason she did not bring all of the purchased clothing was that the rest were in the possession of someone else and unavailable to her.

The court obviously resolved the disputed fact questions against the defendant.

■ ■ The first assignment of error, namely that the indictment did not charge that the check was written upon a nonexistent or closed account is without merit. The indictment alleges that:

"* * * [Defendant] did not * * * have on deposit in said bank subject to check the sum of $60.00, nor any sum whatsoever subject to check * * *."

This is a sufficient allegation that the account was nonexistent. The wording of the indictment in *Broome v. Gladden*, 231 Or 502, 504, 373 P2d 611 (1962), was not this explicit, and, although the form of the indictment was not specifically under attack in that case, it was tacitly approved, and the court said:

"* * * Where no debtor-creditor relationship exists between the accused and the drawee bank the drawer may be prosecuted under ORS 165.205 * * *." 231 Or at 505.

The language we have quoted from the instant indictment can be interpreted in only one way—that a debtor-creditor relationship did not exist between the defendant and the bank. *See also State v. Losey*, 3 Or App 612, 475 P2d 430, Sup Ct *review denied* (1970); *State v. MacMullen*, 5 Or App 38, 482 P2d 544 (1971),

and *State v. Hammelsy,* 52 Or 156, 96 P 865, 17 LRA (ns) 244, 132 Am St R 686 (1908).

■ ■ It is unnecessary in order to sustain an indictment under ORS 165.205 to prove that a dishonored check was formally presented, as contemplated under commercial codes. In *State v. Hammelsy,* supra, it was said that the tender of a false check is sufficient misrepresentation of a present fact to constitute the crime. See 32 Am Jur 2d 190-91, False Pretenses § 19, and cases collected in Annotation, 174 ALR 181 (1948).

■ ■ The defendant claims that because she previously had passed a worthless check with another branch of the store, and the store had her name on a list of people from whom checks should not be taken, that the clerk who took her check was chargeable with the knowledge, and that she should therefore be free from prosecution. One who has made a false representation cannot excuse himself by saying that a more cautious or wise victim would not have been misled.

■ ■ Defendant contends that because there was a return of part of the merchandise that the transaction was never completed. The title to the clothing purchased by defendant transferred on December 18, 1969. ORS 72.4010 (2). Return of part of the clothing the next day did not change that fact.

In oral argument defendant's counsel urged this court to hold that loose credit practices, illustrated by stores taking checks from customers without inquiring about their credit, should be subject to civil remedies only. Whatever the merits of this argument may be, we think it should be directed to the legislature.

Affirmed.