Argued June 23, affirmed July 27, 1972

RALPH H. LEMON, *Appellant, v.*
STATE OF OREGON,
*Respondent.*
499 P2d 819

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

This is a post-conviction proceeding. The petition was filed September 20, 1971. In 1968 the defendant was convicted of the crimes of opening a parking meter with intent to steal and illegal possession of a key to a parking meter. Former ORS 164.635. He was sentenced on January 15, 1968, to a two-year term on each count to run consecutively. He appealed. No transcript of the evidence was provided on that appeal. The Supreme Court in *State v. Lemon,* 251 Or 606, 447 P2d 394, *cert denied* 393 US 1004 (1968), affirmed both the conviction and the denial of the transcript

because defendant "refused to set forth 'in writing * * * a brief statement of his assets, liabilities and income in the previous year' as required by ORS 138.500." 251 Or at 607. In affirming, the court held:

> "* * * [T]his case presents no issue other than the sufficiency of the indictment to support the conviction. [Citations omitted.]" 251 Or at 607.

In this post-conviction proceeding petitioner seeks to raise in separate causes of action the denial of the transcript, illegal arrest, double punishment, and that former ORS 164.635 is void for vagueness "in that it permits the sentencing court to impose either a felony or misdemeanor sentence with no guidelines."

A demurrer to each of those causes of action was sustained. In *Wheeler v. Cupp,* 3 Or App 1, 470 P2d 957, Sup Ct *review denied* (1970), and in *Lerch v. Cupp,* 9 Or App 508, 497 P2d 379, Sup Ct *review denied* (1972), we discussed ORS 138.540 and 138.550. In the latter case we said:

> "It is evident that the purpose and policy behind ORS 138.550(1), when construed in light of the Act as a whole, dictates that that statute be read as requiring issues that can be raised on direct appeal to be so raised. This conclusion is further supported by the policy inherent in ORS 138.550(2), which provides that when a defendant does seek and obtain direct appellate review, no ground for post-conviction relief may be asserted
>
>> " '* * * unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *' " 9 Or App at 515.

■ Each of the foregoing issues either was disposed of in *State v. Lemon,* supra, or could properly have been raised on that appeal. Because the defendant

failed himself to furnish, or, alternatively, to comply with ORS 138.500 in order to establish his right to have furnished at state expense a transcript of the evidence does not itself give a right in this post-conviction proceeding to raise matters, such for example as the legality of his arrest, for the resolution of which that transcript was necessary. This is nonetheless so when a defendant insists on representing himself on the appeal, as the defendant did here. *See,* *State v. Lemon,* supra.

■■ Whether, as the defendant now contends, he was subjected to double punishment could have been raised on his appeal. Furthermore, whether at his trial the fact situation presented such a question at all could only be determined by an examination of a transcript of the trial evidence. None has been furnished here either.[1] *State v. Losey,* 3 Or App 612, 475 P2d 430, Sup Ct *review denied* (1970), disposes of the fifth assignment of error. We conclude that the demurrers to the first, second, third and fifth causes of action were correctly sustained.

■ In his fourth cause of action he contends he was denied the effective assistance of counsel in the trial court. The court conducted a fact-finding hearing on that issue and concluded that the defendant failed to establish that claim. The transcript of the testimony of that hearing amply supports that finding of the trial court.

Affirmed.

---

[1] The transcript of the post-conviction hearing shows the defendant is not in custody and lives outside the state. We note that more than four years, the maximum period of his sentence, have long since passed since he was sentenced.