515 P.2d 1197

**STATE of Arizona, Appellee,**

v.

**James Daniel CARROLL, Appellant.**

**No. 1 CA–CR 519.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 20, 1973.

Rehearing Denied Dec. 27, 1973.

Review Denied Jan. 22, 1974.

Gary K. Nelson, Atty. Gen. by Michael C. Anderson and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross. P. Lee, Public Defender by Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

The defendant, James David Carroll, appeals from a jury verdict of conviction of the crime of grand theft by false representation pursuant to A.R.S. § 13–661(A)(3), and from the sentence imposed thereon of not less than three nor more than five years in the Arizona State Prison. He had been charged by grand jury indictment with the aforementioned offense.

Briefly, the facts of the case taken in a light most favorable to upholding the verdict are as follows. In early 1971 the defendant and his mother were operating a small business under the name of Officeette Manufacturing, and they maintained a checking account in that name with the Thunderbird Bank. The authorized signatures for the account were "Pauline Simmons" and "James Sanders." Mrs. Sim-

mons is the defendant's mother and the defendant was using the assumed name of James Sanders in matters pertaining to the business. In mid-March the defendant and his mother kept an appointment with a used car salesman, Al Lindsay, and were sold two used vehicles. Mrs. Simmons testified that Lindsay took a check on Mrs. Simmons' personal account the evening of the meeting and agreed to hold it because there were not sufficient funds to cover it, and that Lindsay was told that the business account did not have sufficient funds to cover the sale.

Lindsay denied that any statements whatsoever were made concerning the status of the Office-ette account, and further testified that the first check, one which he held overnight and returned to defendant on delivery of the second car, was also issued on the Office-ette account. In any case, Lindsay eventually received a check on Office-ette signed only by James Sanders and the check was subsequently returned with notice of dishonor because of insufficient funds. The record points out that even if there were sufficient funds, the check would not have been honored because it needed both "Simmons" and "Sanders" signatures. There is further testimony, however, that the need for two signatures was not readily apparent to the ordinary businessman so that the check did not appear irregular because it had only one signature.

The business venture faltered or failed and the defendant left the state with one of the automobiles which Lindsay had sold him and left the matters of liquidating assets and satisfying creditors to his partner, Mrs. Simmons.

Defendant raises several questions for review on appeal, but we believe the following question is dispositive here, i. e., whether there was sufficient evidence to sustain the verdict of conviction of the above charge. Defendant urges there is a failure of proof for the reason that the State has not met the requirements of A.R.S. § 13–664. A.R.S. § 13–664 precludes conviction if there is a failure of compliance with the following part of the section which provides:

" . . . if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof, is in writing. . . . or unless the pretense is proved by the testimony of two witnesses, or that of one witness and corroborating circumstances."

*See,* State v. Holmes, 106 Ariz. 202, 472 P.2d 71 (1970). The only evidence on the point of false pretense or false representation introduced by the State was testimony of Al Lindsay and State's Exhibit No. 3, a check drawn on the Office-ette account and signed in the fashion of James Sanders. Therefore, in order to uphold the verdict in this particular case, we believe the State must have shown the check to be a false token or writing within the purview of A.R.S. § 13–664.

The common law gives a person the right to assume a name not given him by his parents and allows him to make valid contracts using the assumed name. 65 C.J.S. Names § 9(1) at 10–14. In the instant case the defendant was handling all of Office-ette's affairs under the assumed name, "Jim Sanders", maintained the Office-ette bank account under that name, and dealt with all parties, including the complaining witness, under that name. No one appears to have relied on the fact of his name as far as the charge in this case is concerned.

The Arizona Supreme Court has long recognized that an assumed name is not "fictitious" in the sense of being a false pretense. Patterson v. State, 25 Ariz. 276, 215 P. 1096 (1923). We cannot, therefore, agree with the State's position that signing the check with the assumed name is sufficient to establish a false pretense under A.R.S. § 13–664. Furthermore, the check in and of itself cannot establish the requisite false pretense simply because it had only one signature, as the record is totally devoid of any evidence of the complaining witness's reliance upon a

false representation with regard to the check, which as a general rule is an element of the crime of theft by false pretenses. *See,* Annot. 35 A.L.R. 345 at 355, et seq. (1925), and the cases cited therein.

A draft containing no false statement on its face is not a "false token or writing" within the purview of a statute such as A.R.S. § 13–664. *See,* e. g., People v. Whitlow, 113 Cal.App.2d 804, 249 P.2d 35 (1952); People v. Katcher, 97 Cal.App. 2d 209, 217 P.2d 757 (1950). Also, in cases where there is a false token or writing, it is generally necessary that an extrinsic representation also be made. *See,* State v. Mullins, 292 Mo. 44, 237 S.W. 502 (1922); State v. Young, 266 Mo. 723, 183 S.W. 305 (1916). The record is replete with testimony from the complaining witness that no representations were made concerning the subject check or the account.

Lastly, the State asserts that if this Court were to find that the elements of grand theft by false pretenses have not been satisfactorily established, the Court should direct that the verdict be given effect as a verdict of guilty of drawing a check on insufficient funds with intent to defraud, pursuant to A.R.S. § 13–316, and remand to the trial court for judgment and sentencing only for such offense, as the elements of this offense had been established. In this regard, we cite with approval the Oregon Supreme Court's decision in Broome v. Gladden, 231 Or. 502, 373 P.2d 611 (1962), wherein it was held that the Oregon statutes concerning the aforesaid offenses, which parallel the Arizona statutes, prescribe mutually exclusive crimes. We therefore decline the State's request to enter such a directive in this case, although we believe that a violation of A.R.S. § 13–316 is the charge that should have been filed under the facts of this case.

For the reasons stated, we reverse the conviction of grand theft by false representation.

OGG and STEVENS, JJ., concur.