Argued April 19, affirmed May 18, petition for rehearing denied
June ·13, petition for review denied October 25, 1972

LARRY LEE LERCH, *Appellant, v.*
CUPP, *Respondent.*

497 P2d 379

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Robert L. Misner,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab,* Chief Judge, and Foley and Fort, Judges.

FORT, J.

Petitioner was convicted in December 1969 of knowingly uttering and publishing a forged bank check.

---

* Schwab, C.J., did not participate in this decision.

Former ORS 165.115. An order suspending execution of a three-year sentence was entered by the trial court, and petitioner was placed on probation for a period of three years. Petitioner did not appeal from the conviction. In July 1971, after a hearing in which the trial court found that petitioner had violated the terms of his probation, petitioner's probation was revoked and he was committed to the custody of the Oregon State Corrections Division.

In November 1971, nearly two years after his conviction, petitioner filed a post-conviction petition claiming that his imprisonment was illegal because he was denied his right to a speedy trial. U.S. Const. Amend. VI, XIV; Oregon Constitution, Art I, § 10; ORS 134.510-134.530. The petition states that prior to and during his trial, petitioner unsuccessfully raised this same speedy trial contention, and that no appeal was taken from his conviction. The state demurred to the petition on the ground the facts stated were insufficient to justify exercise of jurisdiction or to authorize the relief demanded. The court sustained the demurrer and dismissed the petition. Petitioner appeals.

The position of the state is that the claimed denial of a speedy trial was properly determinable upon a direct appeal from the judgment. Thus, it contends, since the petitioner, who clearly was aware of his right to a speedy trial, declined to exercise an appeal, he may not now in a post-conviction proceeding raise the identical question which he could have had reviewed therein.

Concerning the availability of relief as affected by prior judicial proceedings, ORS 138.550 states:

"The effect of prior judicial proceedings con-

cerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief under ORS 138.510 to 138.680. * * *

"(2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *

"* * * * * *"

Petitioner relies strongly upon subsection (1) of ORS 138.550, asserting that it should be literally construed to permit a post-conviction hearing in all cases involving an alleged substantial denial of constitutional rights, notwithstanding the petitioner's refusal to take a direct appeal from his conviction and resolve the controversy therein. Petitioner makes no claim that his failure to appeal was due to incompetence of counsel or that his counsel, contrary to his own wishes, refused to appeal his conviction.

■ At the outset, we note that ORS 138.550(1) must not be construed in a vacuum but must be read with the other provisions of Oregon's Post-Conviction Relief Act. ORS 138.510-138.680. *North v. Cupp,* 254 Or 451, 455, 461 P2d 271 (1969), *cert denied* 397 US 1054 (1970). In construing the statute, it is our duty to ascertain its policy and purpose and to consider in that connection whether or not such policy and purpose will be attained by a literal interpretation of the language used. *Johnson v. Craddock,* 228 Or 308, 316-17,

365 P2d 89 (1961); *City of Portland v. Bingham,* 209 Or 575, 583-84, 307 P2d 492 (1957); *State v. Buck,* 200 Or 87, 92-93, 262 P2d 495 (1953); *Swift & Co. and Armour & Co. v. Peterson,* 192 Or 97, 108, 233 P2d 216 (1951). *See also, Wheeler v. Cupp,* 3 Or App 1, 470 P2d 957, Sup Ct *review denied* (1970), for a discussion of the Act and its purposes.

■ From the foregoing authorities it becomes clear first that the Act's provisions "adopt substantially the rules heretofore applied in habeas corpus cases as to the effect of appeal or failure to appeal directly from the conviction"; and second, while "postconviction relief should not permit a prisoner to raise every issue which he could have raised by appeal," the failure to appeal should not preclude relief for those "most obvious * * * defects" rendering "the conviction and imprisonment thereon unconstitutional." Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 356-57 (1960).

In *Barber v. Gladden,* 210 Or 46, 298 P2d 986 (1956), 309 P2d 192 (1957), *cert denied* 359 US 948, 79 S Ct 732, 3 L Ed 2d 681 (1959), it was stated:

> "In *Macomber v. State,* 181 Or 208, 180 P2d 793, this court declared that, normally, the extraordinary remedy of habeas corpus is not available to those who neglected to appeal. See, to like effect, *Anderson ex rel. Poe v. Gladden,* 205 Or 538, 288 P2d 823, cert den 350 US 974, 100 L Ed 845, 76 S Ct 451, and *Alexander v. Gladden,* 205 Or 375, 288 P2d 219. That rule is particularly pertinent with respect to plaintiff's contention that his punishment was cruel and unusual in the light of the provisions of ORS 138.050 * * *:
>
> " '* * * * * *.'
>
> That statute gave plaintiff the opportunity to appeal from the sentence on the identical grounds

upon which his present contentions rest. The rule stated in *Macomber v. State,* supra, therefore, is applicable." 210 Or at 62-63.

*See, Barnett v. Gladden,* 237 Or 76, 84, 390 P2d 614, *cert denied* 379 US 947, 85 S Ct 445, 13 L Ed 2d 545 (1964); *Brooks v. Gladden,* 226 Or 191, 203-04, 358 P2d 1055, *cert denied* 366 US 974, 81 S Ct 1942, 6 L Ed 2d 1263 (1961); *Gibson v. State,* 491 P2d 773 (Okla Crim 1971); *Tate v. State,* 489 P2d 501 (Okla Crim 1971); *Hannon v. State,* 206 Kan 518, 479 P2d 852 (1971); *Jackson v. State,* 204 Kan 823, 465 P2d 927 (1970).

■ In the recent case of *Wheeler v. Cupp,* supra, the defendant, after a conviction for unarmed robbery, filed a notice of appeal. While the appeal was pending, the defendant in writing directed his counsel to dismiss the appeal. This was done. He subsequently sought post-conviction relief alleging, *inter alia,* the illegal use at trial of a confession and an in-custody identification obtained before he was advised of either his right to reman silent or his right to counsel. The state's demurrer to this cause of action was sustained and defendant appealed to this court. In upholding the lower court we stated:

> "* * * [I]t is not enough to claim in a post-conviction proceeding that a ruling, duly objected to and preserved on appeal, was of constitutional dimension, when the direct appeal was dismissed upon the motion of his attorney made with the written consent of the defendant. We hold the petitioner must allege facts sufficient to show fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel guaranteed by the Sixth Amendment. No such allegations were contained in the first cause of action. The demurrer was correctly sustained. *Clark v. Gladden,* 247 Or 629, 432 P2d 182 (1967); *Lay v. Cupp,* 1 Or App 296, 462 P2d 443 (1969)." 3 Or App at 8.

As we noted above, petitioner in the case at bar made no allegation of fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel guaranteed by the Sixth Amendment. Petitioner did raise his speedy trial contention before and during his trial. He does not argue that his failure to appeal his conviction was the result of being uninformed of the existence of his right to a speedy trial. Indeed, from all that appears from his post-conviction petition, his failure to appeal raising this issue was the consequence of an intelligent relinquishment or abandonment of a known right. *See, Gladden v. Unsworth,* 396 F2d 373, 376 (9th Cir 1968); *State v. Atherton,* 242 Or 621, 626, 410 P2d 208, *cert denied* 384 US 1025 (1966); *Anderson v. Gladden,* 234 Or 614, 624, 383 P2d 986 (1963), *cert denied* 375 US 975 (1964); *Delaney v. Gladden,* 232 Or 306, 308, 374 P2d 746 (1962), *cert denied* 372 US 945, 83 S Ct 940, 9 L Ed 2d 970 (1963).

As a rule a defendant may not obtain collateral post-conviction relief when the issues he seeks to raise are issues which could reasonably have been raised by a direct appeal. ORS 138.540(1) states:

"* * * The remedy created * * * does not replace or supersede * * * direct appellate review of the sentence or conviction, and a petition for relief * * * shall not be filed while * * * appellate review remain[s] available. * * *"

*See, also,* 39 Or L Rev, supra; Note, *The Uniform Post-Conviction Procedure Act,* 69 Harv L Rev 1289 (1956); 9B U L A 550 (1966). Moreover, this court has been given jurisdiction over criminal appeals, notice of which must be served and filed within a specified time limit. ORS 138.040, 138.071. The post-conviction route, which is available without regard to a time limit (ORS

138.510(2)) as a means of raising otherwise appealable issues, if unreasonably extended, would largely supersede the remedy of appeal, thus making useless the statutory time limit for criminal appeals. No such intention can be found in the legislative history. The law encourages the speedy resolution of known rights.

It is evident that the purpose and policy behind ORS 138.550(1), when construed in light of the Act as a whole, dictates that that statute be read as requiring issues that can be raised on direct appeal to be so raised. This conclusion is further supported by the policy inherent in ORS 138.550(2), which provides that when a defendant does seek and obtain direct appellate review, no ground for post-conviction relief may be asserted

"* * * unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *"

*See, Cain v. Gladden,* 247 Or 462, 430 P2d 1015 (1967).

This rule should not be construed as an inflexible standard meant to be used as a procedural bludgeon to preclude the curing of "defects of such magnitude as to render the conviction and imprisonment thereon unconstitutional." 39 Or L Rev, supra at 357.

■ While the petition here does assert the infringement of rights of constitutional dimension, under the facts as alleged, that alone is insufficient to establish a "substantial denial" of constitutional rights. ORS 138.530(1)(a). We adhere to the rule that petitioner must at least allege facts sufficient to show fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel guaranteed by the Sixth Amendment or that the issue

sought to be determined in a post-conviction hearing could not reasonably have been raised had there been an appeal. *Cf. Wheeler v. Cupp,* supra, 3 Or App at 8; ORS 138.550(2). No such allegations were contained in petitioner's post-conviction petition. The demurrer was correctly sustained.

Affirmed.