Argued June 18, affirmed July 16, petition for rehearing denied
August 23, petition for review denied November 13, 1973

WILLIE B. CURTIS, *Appellant, v.*
CUPP (No. 78352), *Respondent.*

LEONARD JAMES IRVING, *Appellant, v.*
SULLIVAN (No. 78228), *Respondent.*

511 P2d 1275

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellants.

*William R. Canessa,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

These cases present two questions: (1) Whether inadvertent failure of court-appointed counsel to file a timely appeal from the dismissal of a petition for post-conviction relief is a denial of the "due process" and "equal protection" guarantees of the Fourteenth Amendment to the U.S. Constitution, entitling petitioners to relief; and (2) whether a second Post-Conviction Relief Act proceeding is the proper means to seek such relief.

Petitioner Curtis is serving a life sentence from a Multnomah County conviction for assault with a dangerous weapon with intent to rob. No appeal was taken from his conviction. He thereafter filed a petition for post-conviction relief pursuant to ORS 138.510 to 138.680, challenging the validity of his sentence, with the state Public Defender as his attorney. The defendant demurred, relying on our opinion in *Lerch v. Cupp*, 9 Or App 508, 497 P2d 379, Sup Ct *review denied* (1972). The demurrer was sustained and the petition was dismissed. Appeal from this dismissal was inadvertently overlooked.

Curtis filed a second petition under the Post-Conviction Relief Act, incorporating his first petition by reference and alleging his counsel's failure to file that appeal, and prayed for his release "* * * or such further relief as to the Court seems just and equitable in the premises." The defendant demurred and the trial court sustained on the ground that "* * * the Petition fails to state facts sufficient to justify the exercise of jurisdiction by this Court under ORS 138.510 to 138.680." Petitioner appeals from an order dismissing his petition upon his representation that he did not wish to replead.

Petitioner Irving is also imprisoned. He had entered a plea of guilty to a charge of unarmed robbery and was placed on probation, imposition of sentence being suspended. When he entered a plea of guilty to another charge his probation was revoked and he was sentenced to seven years on the unarmed robbery charge. No appeal was taken.

Irving thereafter filed a petition for post-conviction relief, challenging the validity of the revocation of his probation, with the state Public Defender as counsel. The defendant demurred to this petition, relying in part on *Lerch v. Cupp,* supra. The court sustained and the petition was dismissed. Appeal was inadvertently omitted.

Irving filed a second petition for post-conviction relief. He realleged the challenge made to the revocation of his probation, incorporated his original petition by reference and alleged that the Public Defender had inadvertently failed to file an appeal from the dismissal of the first petition, thus denying petitioner his right to appeal. He prayed for his release "* * * or such further relief as to the Court seems just or equitable in the premises."

Upon motion by defendant the portion of the petition that challenged the probation revocation was stricken on the ground it had been contained in the previous petition and was therefore irrelevant. The incorporation of the first petition by reference was not stricken. Defendant demurred to the remainder of the petition and the demurrer was sustained upon the same ground relied upon in *Curtis.* Petitioner now appeals from the dismissal of his petition upon his refusal to plead further.

While the facts alleged in both petitions now

before us present serious constitutional issues, we need not reach them. Petitioners in their initial petitions for post-conviction relief, which were incorporated by reference into their second petitions, failed to allege sufficient reason for not having taken direct appeals from their criminal convictions (in Irving's case, the revocation of his probation). Their first petitions as is conceded by their attorney on these appeals clearly failed to state causes of action and were properly dismissed.[1] *Lerch v. Cupp,* supra.

If there were any doubt at all as to whether petitioners had stated causes of action in their first petitions, we would need to decide if petitioners were denied "due process" and "equal protection" of the law when their attorney inadvertently failed to appeal from the dismissals of their first post-conviction petitions, and if so, what their source of relief would be. *Cf. Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969); *Church v. Gladden,* 244 Or 308, 417 P2d 993 (1966); *Strong v. Gladden,* 225 Or 345, 358 P2d 520 (1961). However, since there is no doubt that delayed appeals, however obtained, or a complete relitigation of the issues would result in the denial of petitioners' claims for relief, we feel that our decision that petitioners failed to state causes of action in their original petitions cures whatever constitutional defects may have resulted from the inadvertent failure to file frivolous appeals.

Affirmed.

---

[1] "It should be pointed out although it is not relevant to the issue here presented that the petitioners would probably be denied relief since they failed to file direct appeals for the purpose of asserting their claims, but waited to assert them through the post conviction process. Lerch v. Cupp, 9 Or App 508, 497 P2d 379 (1972)."