Argued and submitted June 27, reversed August 11, 1980

JACK ROY BATCHELOR, JR.,
*Respondent,*
*v.*
STATE OF OREGON,
*Appellant.*

(No. 16-79-09630, CA 16672)

614 P2d 1236

David Leonard Bussman, Certified Law Student, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney, and Ed Hagen, Assistant District Attorney, Eugene.

Scott M. Galenbeck, Springfield, argued the cause for respondent. With him on the brief was Lively, Wiswall, Svoboda, Thorp & Dennett, Springfield.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This is an appeal by the state, pursuant to ORS 138.650, from an order granting post-conviction relief from plaintiff's March 21, 1979, conviction on a charge of driving under the influence of intoxicants. Plaintiff's petition alleged a denial of due process under ORS 138.530(1)(a) in the refusal of the district court judge to admit results of a breathalyzer examination[1] when the state was attempting to prove plaintiff's guilt on a "conduct theory." The trial court here agreed, vacated the judgment of the district court and ordered the charge retried in the light of *State v. Clark,* 286 Or 33, 593 P2d 123 (1979).

*Clark* was decided 13 days after plaintiff's district court conviction. Under that case a defendant may use non-expert testimony to impeach the results of a breathalyzer test. In the district court defendant was represented by counsel who was aware of the pendency of *Clark* before the Supreme Court. Defendant could reasonably have been expected to appeal his conviction, assigning as error the refusal to admit the breathalyzer test result. *Clark* was decided 17 days before the end of the 30-day period in which a direct appeal could have been taken under ORS 138.071. The failure of the defendant to appeal was a waiver of the right to post-conviction relief. *Lerch v. Cupp,* 9 Or App 508, 497 P2d 379 (1972).

Reversed.

---

[1] The test result indicated a .08 percent blood alcohol level.