Ronald Ray **RODACKER**, Petitioner,

v.

**STATE OF OREGON, and C.R.M. Kastama, Warden of the Washington State Penitentiary, at Walla Walla, Washington, Respondents.**

**Civ. No. 81–729–PA.**

United States District Court,
D. Oregon.

June 12, 1984.

Stephen R. Sady, Federal Public Defender, Portland, Or., for petitioner.

Dave Frohnmayer, Atty. Gen., J. Scott McAlister, Asst. Atty. Gen., Salem, Or., for respondents.

## OPINION AND ORDER

PANNER, District Judge.

Ronald Ray Rodacker (Rodacker), a Washington state prisoner, seeks to vacate an Oregon conviction used to enhance his Washington sentence. On July 28, 1982, I adopted a magistrate's findings and recommendation and dismissed the petition for writ of habeas corpus for failure to ex-haust administrative remedies. On appeal, the Ninth Circuit concluded Rodacker had satisfied the exhaustion requirements. *Rodacker v. State of Oregon*, 723 F.2d 916 (9th Cir.1983). The case was remanded to determine whether petitioner can demonstrate "cause" and "prejudice" excusing his failure to raise on direct state appeal the issues he seeks to raise in this proceeding. I conclude Rodacker has demonstrated cause and prejudice sufficient to excuse the state procedural default. On the merits, I grant his petition for writ of habeas corpus.

## BACKGROUND

On August 19 and 20, 1971, Rodacker was tried in Multnomah County Circuit Court on the charge of grand larceny. Although an earlier trial ended in a hung jury, at this second trial he was convicted.

The statute under which petitioner was charged read:

Any person who steals the property of another, or who wilfully takes, carries, or leads or drives away the property of another *with the intent to deprive such other of such property permanently* is guilty of larceny.

O.R.S. 164.310 (emphasis added) (repealed by Or.Laws 1971, Ch. 743 § 432).

The indictment charged:

The said defendant on or about the 12th day of July, 1969, in Multnomah County, State of Oregon, did unlawfully and *feloniously steal* certain personal property, to-wit, a 1962 Chevrolet automobile, the personal property of Delbert R. Williams, doing business as Williams Auto Sales, of the value of more than $75.00, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

Memorandum in Support of Issuance of Writ of Habeas Corpus, Exhibit A (emphasis added).

The jury at the second trial was instructed that the State had to prove each of the material elements of the crime, to wit:

(1) The defendant, RONALD RAY RODACKER,

(2) *Did steal and drive away* a 1962 Chevrolet automobile,

(3) The personal property of Delbert Williams,

(4) Of a value of more than $75,

(5) Without the permission of Delbert Williams,

(6) The crime, if any, took place in Multnomah County, Oregon,

(7) That the event took place on or about July 12, 1969, or within three years of the date of the indictment, which is April 17, 1970.

*Id.*, Exhibit D (emphasis added).

At the first trial, the jury was instructed "that the defendant, in so taking, *did intend to deprive* Delbert R. Williams, doing business as Williams Auto Sales, *of the property permanently.*" *Id.*, Exhibit C (emphasis added).

Petitioner contends his constitutional rights to due process of law under the fifth and fourteenth amendments were violated at his second trial because specific intent was not alleged in the indictment or specified to the jury.

Rodacker appealed his conviction to the Oregon Court of Appeals. The sole issue raised was whether that court would take notice of defense counsel's failure to request an instruction defining the lesser included offense of taking and using an automobile where petitioner contended the evidence clearly warranted it. *See id.*, Exhibit E. Petitioner did not become aware of the "intent issues" until 1979 when reviewing his court records from Oregon while incarcerated at the Walla Walla, Washington, Penitentiary. *See id.*, Exhibit F. Shortly thereafter, he filed a post-conviction relief petition in Oregon state court. That petition was denied on procedural grounds. *See Rodacker v. State*, 50 Or.App. 2, 622 P.2d 1160 (1981). While I held that petitioner still had a second post-conviction remedy available in the Oregon courts, the Ninth Circuit concluded Rodacker had satisfied the exhaustion requirement, *Rodacker v. State of Oregon*, 723 F.2d 916 (9th Cir.1983). The court noted that Rodacker could only challenge his conviction now by showing incompetence of counsel. "The paucity of case law relieving [ORS] § 138.-550(2) defaults for counsel's inadequacy, and the stringent standard announced in *Lerch* [*v. Cupp*, 9 Or.App. 508, 497 P.2d 379, 382 (1972)] renders this opportunity somewhat illusory. A federal habeas petitioner need not pursue speculative or purely conjectural state remedies." *Id.* (citations omitted).

The Ninth Circuit noted, however, that a state procedural default may nevertheless provide an adequate and independent ground for decision, preventing federal habeas corpus relief. *Id.* The court remanded for a determination whether petitioner can demonstrate cause and prejudice excusing the procedural default.

By way of further background, petitioner offers the following summation of the evidence presented at trial:

Delbert Williams, a used car lot owner, testified that he owned the car in question and that on July 12, 1969, an inexperienced employee could have left the car's ignition switch on (RT at 10, 12) ("RT" refers to the trial transcript, one copy of which is filed with the clerk as Exhibit "B"). Sergeant Miller, a Multnomah County deputy sheriff, stated that at around 4:30 a.m., he saw unusual activity around Mr. Williams used car lot (RT at 19). A person Miller later identified as Steven Puttie was standing in the street (RT at 21). A second person came out of the lot and spoke with Puttie (RT at 23). Miller identified this person as Ronald Rodacker (RT at 23). Less than thirty seconds after the second individual returned to the lot, some one [sic] drove the Chevrolet out of the lot, picked up Puttie, and took off with Sergeant Miller in pursuit (RT at 24, 25). Miller identified the petitioner as the driver (RT at 26).

Miller chased the vehicle for about ten blocks, at which point the car was abandoned and the suspects fled on foot (RT at 24). Miller and his back-up lost the suspects two or three times while chas-

ing them for about a half mile on foot (RT at 24, 27). Miller eventually caught up with the persons he believed had been in the car. He arrested Puttie, and the person he believed to be Mr. Radacker fled (RT at 28–30).

Miller stated that Puttie made post-arrest statements incriminating the petitioner (RT at 34–35, 58–60, 106). The state then called Puttie, who testified that he had not inculpated Mr. Rodacker (RT 64–68). Another deputy sheriff, Neil McCarthy, also identified the petitioner as the person he chased from the stolen vehicle (RT at 75–76).

The petitioner's father, Alvin Rodacker, identified a radio that was found in the stolen car as belonging to the senior Rodacker (RT at 33, 108–09).

Memorandum in Support of Issuance of Writ of Habeas Corpus, pp. 2–3.

## DISCUSSION

### I. *Does A State Procedural Default Bar Relief?*

■ Negligent or inadvertent failure of counsel to raise an issue in the manner necessary to avoid a state procedural default constitutes "cause" sufficient to allow a federal court to address the merits of a habeas corpus petition. *Cf. Batchelor v. Cupp*, 693 F.2d 859, 863 (9th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983); *Hines v. Enomoto*, 658 F.2d 667, 673 (9th Cir.1981); *Garrison v. McCarthy*, 653 F.2d 374, 377–78 (9th Cir.1981). The affidavits of the petitioner and his state appellate counsel establish that no deliberate bypass of appellate review was made. The issues were simply not identified until eight years after the conviction. I find there was no tactical decision not to raise the issues on direct appeal. I therefore conclude petitioner has demonstrated sufficient cause to excuse the procedural default.

Petitioner must also demonstrate "prejudice." In this type of case, the prejudice reaches the merits. If petitioner is correct on the merits, then he has been sufficiently prejudiced to justify federal relief despite the state procedural default.

I conclude the failure of Rodacker's defense counsel to raise on appeal to the Oregon courts the intent issues will not bar any federal relief to which petitioner may be entitled.

### II. *Is Petitioner Entitled To Prevail On The Merits?*

■ Due process requires that a charging instrument set forth the essential element of intent "fully, directly, and expressly, without any ambiguity or uncertainty . . . ." *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). The failure of an indictment to detail each element of the offense charged generally constitutes a fatal defect. *See United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979); *United States v. Morrison*, 536 F.2d 286, 288 (9th Cir.1976). *See also Russell v. United States*, 369 U.S. 749 (1962); *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1888); *United States v. Denmon*, 483 F.2d 1093, 1097 (8th Cir.1973).

■ Due process also requires the State to prove beyond a reasonable doubt every element of the crime charged. *See Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1974); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Due process interests are especially strong when an omitted element relates to *mens rea*, the moral basis for criminal sanctions. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *United States v. United States Gypsum Co.*, 438 U.S. 422, 436–38, 98 S.Ct. 2864, 2873–74, 57 L.Ed.2d 854 (1978).

The Supreme Court explained the reason for including intent as an element of the federal statutory crime of larceny in *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951). The Court's language is instructive.

The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual

to choose between good and evil. A relation between some mental element and punishment for a harmful act is almost as instinctive as the child's familiar exculpatory "But I didn't mean to," and has afforded the rational basis for a tardy and unfinished substitution of deterrence and reformation in place of retaliation and vengeance as the motivation for public prosecution.

*Id.* at 250–51, 72 S.Ct. at 243 (footnotes omitted).

■■■ The questions boil down to two. First, does the phrase "feloniously steal" in an indictment put a defendant sufficiently on notice that he is charged with intending to deprive another of property permanently? Second, does the phrase "steal and drive away" sufficiently inform a jury they must find the defendant intended to deprive another of his vehicle permanently? As a negative answer to either question will entitle Rodacker to prevail, and as the answer to the second question is "no," I need not address the first question.

The parties offered no cases interpreting the pertinent phrases. On March 28, 1984, I supplied them citations to seventeen cases and requested supplemental briefing on the question whether "steal and drive away" means the same as "intend to deprive of property permanently." Only petitioner complied with the order. Respondents neither filed a supplemental brief nor appeared at the May 7, 1984, hearing on the petition.

No cases were found directly on point.

In *United States v. Scott*, 592 F.2d 1139 (10th Cir.1979), the district court confronted a federal statute providing that "[w]hoever ... steals ... with intent to convert to his own use any goods or chattels moving [in interstate commerce] ... [s]hall in each case be fined ... or imprisoned ...." *See id.* at 1143. The use of the phrase "with intent" indicates Congress did not view the word "steal" to include an intent element. In addition, the trial court instructed the jury that "the word 'steal' as used in the statute is not used in a technical sense of what constitutes larceny, but in its well-known and accepted meaning of taking the

personal property of another for one's own use without right or benefit of law ...." *Id.* A person can take the property of another for one's own use without the intent to deprive the other of that property permanently. Indeed, petitioner's counsel suggests the facts here point to joy-riding rather than grand larceny. *See* Memorandum in Support of Issuance of Writ of Habeas Corpus, pp. 10–11.

In *United States v. Maloney*, 607 F.2d 222 (9th Cir.1979), *cert. denied*, 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980), the court concluded that the crime of larceny defined in 18 U.S.C. § 661 does not require an intent to permanently deprive the owner of his property. The court observed:

The offense described in 18 U.S.C. § 661 is effectuated by one who "takes and carries away" the personal property of another "with intent to steal or purloin." Clearly the interpretation of the latter phrase should control the resolution of the question raised here. However, the words "steal" and "purloin" are not words of art and do not have an accepted common law meaning. *United States v. Turley*, 352 U.S. 407, 411, 77 S.Ct. 397 [399] 1 L.Ed.2d 430 (1957). It has been held a conviction pursuant to a statute which contains the word "steal" or "purloin" does not require a showing of an intent to permanently deprive as was required by the common law definition of larceny.

*Id.* at 229.

*Maloney*, then, recognizes the word "steal" does not necessarily mean that the person stealing does so with intent to deprive the other of his property permanently. The statute under which Rodacker was charged, however, specifically requires proof that the defendant intended "to deprive such other of such property permanently ...." O.R.S. 164.310.

I conclude that when a statute requires proof the defendant had a *specific intent* to deprive another of his vehicle *permanently*, it is not sufficient to instruct a jury they must simply find the defendant stole the car and drove it away. "Steal and

drive away" is too general a phrase in the context of the specific intent crime of which Rodacker was charged.

CONCLUSION

Petitioner was denied due process at his second Oregon trial. His 1971 conviction is VACATED. Rodacker is currently serving a sentence in Washington which was enhanced by the Oregon conviction. Petitioner shall prepare a form of judgment within five (5) days remanding the case to the appropriate Washington court for resentencing, along with a memorandum in support of the judgment proposed, and respondents shall have five (5) days to file any objections.

IT IS SO ORDERED.