On appellant's reconsideration filed May 4, reconsideration allowed, former decision
(84 Or App 563, 735 P2d 28) withdrawn and remanded for new trial August 5,
reconsideration denied September 25, petition for review allowed October 27, 1987
(304 Or 279)
See 304 Or 436 (1987)

## STATE OF OREGON,
*Respondent,*

*v.*

## PATRICK LYNN HUNTER,
*Appellant.*

(C86-02-30901; CA A40750)

740 P2d 234

Gary D. Babcock, Public Defender, and Stephen J. Williams, Deputy Public Defender, Salem, for petition.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted of robbery in the first degree. We affirmed, 84 Or App 563, 735 P2d 28 (1987), and defendant petitions for reconsideration. ORAP 10.10. We allow reconsideration, withdraw our former decision and reverse.

The only issue presented is whether a car in which defendant was riding with his brother was legally stopped. A police officer can stop and interrogate a person if the officer "reasonably suspects that a person has committed a crime * * *." ORS 131.615. The term "reasonably suspects" is defined to mean

> "that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625." ORS 131.605(4).

Those statutes require "the trial court [to] determine whether the standard of reasonable suspicion has been met by [an] objective test of observable facts * * *." *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977).

The following undisputed facts are relevant to our decision. In the few days before February 27, 1986, several fast food and convenience stores in Portland were robbed by a black man who was armed with a long-bladed knife and who fled on foot. On that evening, Officer Renna of the Portland police, who was aware of the robberies, was on patrol at 42nd Avenue and Sandy Boulevard when he received a radio report of a robbery of a fast food store on 82nd Avenue by a black man with a long knife. The robber had fled on foot. Three minutes after receiving the report, as Renna drove on Sandy Boulevard toward the robbery scene, he met a car occupied by two black men traveling in the opposite direction. As that car approached, the passenger (defendant) turned his head sharply away from Renna. Defendant was wearing a stocking cap. Renna turned his car around, followed the car for several blocks and then pulled it over. The area of the stop was a predominately white area of Portland. Defendant and his brother, the occupants of the car, were arrested, and a number of items seized from the car were later introduced at trial as evidence against defendant.

Defendant contends that, on the basis of an objective evaluation of those facts, there was insufficient evidence to suggest criminal activity by him to justify the stop. We agree. The observation by Renna that two black men were riding in a car in a predominately white area and that one of them, wearing a stocking cap, sharply turned his head away from the police officer as their car passed his, does not create the "reasonable suspicion" required by statute. It follows that the stop was illegal and that, therefore, the trial court erred in admitting the evidence obtained as a result of the stop. *See* *State v. Valdez, supra,* 277 Or at 629. The prejudical effect of that evidence requires reversal.

Petition for reconsideration allowed; former decision withdrawn; reversed and remanded for a new trial.