Submitted on record and briefs December 30, 1988, affirmed March 22, 1989

## CATLIN TWITTY,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(88-C-10357; CA A49603)

770 P2d 963

Catlin Twitty, Salem, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Petitioner appeals the trial court's dismissal of his petition for a writ of *habeas corpus.* The court held that it lacked jurisdiction because post-conviction relief was available to petitioner. ORS 34.330(3).[1] We affirm.

Petitioner was convicted of murder and appealed. He argued that his waiver of counsel was invalid because the court mistakenly advised him that imposition of a 10-year sentence would not be mandatory. The conviction was affirmed. *State v. Twitty,* 85 Or App 98, 735 P2d 1252 (1987), *rev den* 304 Or 56 (1987). After his petition for review was denied, the Supreme Court held in *Harzog v. Keeney,* 304 Or 57, 742 P2d 600 (1987), that appointed counsel does not render adequate assistance when counsel fails to advise a defendant of the possibility of a minimum sentence under ORS 144.110(1) before the defendant enters a plea of guilty.

Relying on ORS 138.550(2), petitioner argues that post-conviction relief is not available to him because he raised the issue of "erroneous advice" on direct appeal. That statute provides, in relevant part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for [post-conviction] relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Petitioner has not established that post-conviction relief is unavailable. His assignment of error on direct appeal focused on whether he knowingly waived his right to counsel. We held that, for an effective waiver of counsel,

"[a] trial court is not constitutionally obligated to detail mandatory minimum sentences, matrix computation, eligibility for parole or parole board policies. On this record, the trial court did not err in permitting defendant to waive counsel and proceed *pro se." State v. Twitty, supra,* 85 Or App at 102.

---

[1] ORS 34.330 provides, in relevant part:

"The following persons shall not be allowed to prosecute the writ:

"* * * * *

"(3) Except as provided in ORS 138.530, persons eligible to obtain post-conviction relief pursuant to ORS 138.510 to 138.680."

Whether the court had an obligation to apprise petitioner of a mandatory minimum sentence as a condition precedent to a constitutionally sufficient guilty plea is a separate and distinct procedural issue. Whether that issue could reasonably have been raised on direct appeal is an issue that petitioner will have to litigate before he can claim that post-conviction relief is unavailable.

Affirmed.