Argued and submitted May 15, reversed November 8, reconsideration denied December 8, petition for review denied December 28, 1989 (308 Or 660)

# MICHAEL CONRAD DOCKERY,
### *Respondent,*

*v.*

# MAASS,
### *Appellant.*

## (87-C-10763; CA A50361)

781 P2d 1230

Timothy A. Sylwester, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

George Edwin Price, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals a judgment granting petitioner post-conviction relief. It contends that the statutory violation found by the trial court is not a basis for post-conviction relief. We agree and, therefore, reverse.

Petitioner pleaded no contest to a charge of first degree rape, ORS 163.375, and was sentenced to a 14-year term with a seven-year minimum. He filed a petition for post-conviction relief, alleging that the trial court had abridged his state and federal rights to due process and equal protection by failing to make the inquiry under ORS 135.395:

> "After accepting a plea of guilty or no contest, the court shall not enter a judgment without making such inquiry as may satisfy the court that there is a factual basis for the plea."

The post-conviction court found:

> "1. There was no factual basis to accept petitioner's no contest plea.
>
> "2. The trial court failed to ask or receive any statements from the defendant to make any form of determination as to whether or not there was a factual basis for the no contest plea."

The court vacated the judgment of conviction and the sentence and ordered a new trial.[1]

On appeal, both parties focus on the scope of inquiry under ORS 135.395 and whether the trial court did have a basis for accepting the plea. However, the state also argues that post-conviction relief is not available, even if the court failed to meet the statutory requirement. Post-conviction relief is limited to those grounds specified in ORS 138.530 and it is petitioner's burden to prove that a basis exists.

■ ■ Petitioner argues that ORS 135.395 is mandatory;

---

[1] Petitioner also argued, and the post-conviction court found, that he had not been made aware of the possible mandatory minimum sentence when he pleaded no contest. However, relief on that ground was denied, because the Board of Parole had overriden the minimum sentence. Neither party challenges that conclusion. *See Hartzog v. Keeney*, 304 Or 57, 742 P2d 600 (1987).

therefore, failure to meet its requirements caused a deprivation of his state and federal constitutional rights to due process of law and equal protection. ORS 138.530(1)(a).[2] The inquiry called for under the statute is not constitutionally mandated. *See Willbright v. Smith,* 745 F2d 779 (2d Cir 1984). Moreover, the violation of a mandatory statute does not necessarily constitute a constitutional deprivation. *Kloss v. Gladden,* 233 Or 98, 377 P2d 146 (1962).

■     The only constitutional requirement for acceptance of a plea of no contest is that the plea be knowingly and voluntarily made. *State v. Dawson,* 57 Or App 420, 425, 644 P2d 665 (1982); *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). Petitioner does not argue that the court's failure to make a factual inquiry made his plea involuntary.[3] Neither do we find any other constitutional deficiency arising from any failure to make the inquiry. Accordingly, the post-conviction court erred in concluding that a failure to follow the statute was a constitutional violation that was a ground for relief.

■     Petitioner also argues for the first time on appeal that post-conviction relief is available under ORS 138.530(1)(b), because failure to meet the statutory requirement left the original trial court without jurisdiction to render the judgment of conviction. The alleged statutory inadequacy did not affect the court's personal or subject matter jurisdiction. *Riggs v. State of Oregon,* 50 Or App 109, 113, 622 P2d 327 (1981).

Reversed.

---

[2] ORS 138.530(1)(a) provides:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:  ·

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

[3] Petitioner made a general allegation that his plea was not knowing or voluntary and that he had received ineffective assistance of counsel. However, he abandoned those contentions below.