Submitted on record and briefs August 20, 1990, affirmed; motion to expedite denied January 23, reconsideration denied March 13, petition for review denied May 7, 1991 (311 Or 349)

## CATLIN TWITTY,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
*Respondent.*

(89C-10076; CA A62069)

805 P2d 706

Catlin Twitty, Salem, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner dismissed his retained counsel, waived his right to counsel at trial, waived his right to a jury trial and, after a trial to the court, was convicted of murder. He appeals from a judgment dismissing his subsequent petition for post-conviction relief. We affirm.

Petitioner's post-conviction relief claim is that he was denied his constitutional right to counsel, because his waiver of counsel was not knowingly made. His first argument is that the waiver was invalid, because the trial court incorrectly informed him that no minimum sentence could be imposed under ORS 163.115(3)(b).[1] Petitioner made that argument in his direct appeal, and we rejected it. *State v. Twitty, supra* n 1, 85 Or App at 101.

A claim that has been raised on direct appeal cannot be raised in a post-conviction proceeding unless a new constitutional principle is articulated after the direct appeal is concluded. Petitioner argues that *Hartzog v. Keeney,* 304 Or 57, 742 P2d 600 (1987), enunciated a new principle.[2] The Supreme Court held there that it was inadequate assistance when counsel failed to advise a criminal defendant before entry of a guilty plea that there was a possibility that a minimum sentence could be imposed.

Petitioner incorrectly contends that the holding in

---

[1] The trial court mistakenly thought that the amendment to ORS 163.115, which requires a mandatory minimum sentence, was not effective on the date of the homicide. However, the amendment had an emergency clause and was effective on that date. *State v. Twitty,* 85 Or App 98, 100 n 1, 735 P2d 1252, *rev den* 304 Or 56 (1987).

[2] Petitioner sought to raise this issue in a *habeas corpus* proceeding. We held that whether the issue could reasonably have been raised on direct appeal would have to be litigated before petitioner could claim that post-conviction relief was unavailable. *Twitty v. Maass,* 95 Or App 715, 718, 770 P2d 963 (1989). The state now argues that petitioner is precluded from raising this issue because, although *Hartzog v. Keeney, supra,* was decided after petitioner's conviction was affirmed on direct appeal, the decision was made within the time when he could have petitioned for reconsideration. The state relies on *Batchelor v. State,* 47 Or App 697, 614 P2d 1236 (1980), in which we stated that the failure to appeal was a waiver of the right to post-conviction relief when a rule that would have benefited the petitioner was announced by the Supreme Court two weeks before the petitioner's direct appeal rights had lapsed. However, in *Batchelor,* there was evidence that the petitioner's appellate counsel was aware of the pendency of the case which provided the beneficial ruling. Here, there is no evidence that petitioner's appellate counsel was aware of the pendency of *Hartzog v. Keeney* or reasonably should have been. We conclude that, under these facts, petitioner may raise the issue as it relates to the adequacy of counsel's representation.

*Hartzog* applies here. The Supreme Court specifically did not determine whether a trial court must inform an accused of the possibility of imposition of a minimum sentence. In any event, since that decision, we have concluded that there is no constitutional obligation on the trial court to so advise. *Moen v. Peterson,* 103 Or App 71, 73 n 1, 795 P2d 1109 (1990). The post-conviction court correctly held that no new constitutional principle applied and that, on his direct appeal, petitioner had fully pursued that aspect of his claim involving the trial court's obligation to advise an accused about potential minimum terms of imprisonment. He cannot assert it again in a post-conviction proceeding.

■     Petitioner also contends that he was deprived of adequate assistance of counsel, because his retained counsel did not advise him of the potential for a minimum sentence before he waived the right to counsel. His position is that the rationale of *Hartzog v. Keeney, supra,* is not limited to guilty pleas, but applies to the waiver of any constitutional right. Therefore, because his retained counsel did not inform him of the potential for a mandatory minimum sentence, his waiver was invalid.

Petitioner's argument presents the question of what information counsel is constitutionally required to impart to a criminal defendant in the process of making a decision whether to proceed without an attorney.[3] Although he argues that he would not have chosen to represent himself if he had been aware of the possibility of a minimum sentence, he does not claim that he discussed his decision to proceed *pro se* with his counsel or that he relied on information provided to him by counsel in making his decision. His contention is that, regardless of the setting in which a criminal defendant is represented or how long that representation lasts, counsel must advise about all of the legal consequences of a trial and conviction before a valid waiver of counsel can occur.

In *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458

---

[3] The parties have not directed us to any authority on this issue, and we have not found any.

(1981), the Supreme Court discussed the constitutional standards against which a claim of inadequate assistance of counsel is measured.[4] It is clear that adequate assistance requires the performance of some specific acts, such as the timely filing of a notice of appeal. 290 Or at 874. However, what information and assistance an attorney is obligated to provide is measured by "the extent appropriate to the circumstances and to the defendant's level of understanding * * *." 290 Or at 874. In *Hartzog v. Keeney, supra,* the consequences of a guilty plea required that a defendant have knowledge of the possible minimum sentence. The circumstances surrounding petitioner's waiver of counsel here are not analogous.

In an affidavit in the post-conviction proceeding, petitioner's retained trial counsel stated that he had represented petitioner from August 9 to October 21, 1985. Petitioner's letter to the trial judge dated October 15, 1985, says that he had "decided to discharge [counsel]." The hearing on petitioner's request to proceed *pro se* was October 28. At that time, trial was set for December 3. The record shows that petitioner had fired his counsel and had decided to proceed *pro se* before the hearing on his request to waive counsel and well before trial. In addition, petitioner was aware at the hearing that a murder conviction carried a sentence of life in prison. *State v. Twitty, supra* n 1, 85 Or App at 101.

Petitioner has the burden of proof by a preponderance of the evidence. ORS 138.620. He must establish that his counsel's failure to inform him that he would serve a mandatory minimum sentence after being found guilty of murder constituted inadequate assistance of counsel. ORS 138.530(1)(a). Petitioner failed to meet that burden, because he failed to prove that his decision to waive counsel was influenced in any way by the fact that counsel had not informed him, at that stage of the proceedings, that the life sentence that he would receive if convicted of murder would also include the imposition of a mandatory minimum term of imprisonment before eligibility for parole.

On petitioner's direct appeal, we determined that, at the hearing on his request to waive counsel, the trial court

---

[4] Petitioner does not claim that there is any difference between federal and state standards. *See Krummacher v. Gierloff, supra,* 290 Or at 872.

went to great lengths to impress on him the serious nature of the charge and the gravity of his decision to waive counsel. *State v. Twitty, supra* n 1, 85 Or App at 101. The necessary result of the choice to proceed on his own was that his election deprived him of the kind of knowledge best furnished by attorneys. *See State v. Addicks,* 34 Or App 557, 579 P2d 289, *rev den* 284 Or 80a (1978). Having made that choice, petitioner cannot now attribute that lack of knowledge to inadequate assistance of counsel. Counsel had no constitutional obligation before he was fired to provide petitioner with the information.

On December 13, 1990, petitioner filed a motion to expedite. The motion is denied as moot.

Affirmed; motion to expedite denied.