Argued and submitted November 30, 1990, reversed April 3, reconsideration denied July 24, petition for review denied August 20, 1991 (312 Or 80)

BRODERICK HUNTER,
*Respondent,*

*v.*

Manfred MAASS,
*Appellant.*

(88-C-11335; CA A63836)

808 P2d 723

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Cynthia M. Hogan, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a tale of two brothers who, as co-defendants, were both convicted of first degree robbery. One brother appealed his conviction on the ground that the trial court erred when it denied his motion to suppress evidence obtained as a result of an illegal search. That appeal was successful; we reversed and remanded for a new trial. *State v. Hunter,* 86 Or App 697, 740 P2d 234, *rev dismissed* 304 Or 436 (1987). The other brother did not appeal and he remains in prison. He now seeks post-conviction relief.

The post-conviction petition is based on three grounds: first, his imprisonment was illegal, because the trial court erred when it denied his motion to suppress; second, he was denied effective assistance of counsel, because his trial counsel failed to file a notice of appeal, as he believed counsel would do; third, because his brother's conviction was reversed on the suppression issue, "equity and an equal application of the laws" require that he be granted relief. The post-conviction court concluded that he was not denied the right to counsel in his decision to forego an appeal, because his representation at trial was "reasonably effective."[1] Therefore, because that was the only issue, the court implicitly found that he voluntarily waived his right to appeal, although the court did not make a specific finding to that effect.

Presumably, because of petitioner's waiver, the court did not reach the merits of his claim that the trial court should have granted his motion to suppress. However, it stated that, "[b]ut for lack of appeal, there is no reason to believe that the Court of Appeals would find differently in petitioner's case than in his brother's case as the motions to suppress of the two brothers were similar." The court granted post-conviction relief, because "fundamental fairness" considerations require

---

[1] The state submitted the affidavit of the trial counsel that said that she "expressed to [petitioner] that, in my opinion, the trial court's order was worthy of an appeal," that she fully advised him of how to pursue an appeal and that he "expressed to me that he did not want to pursue an appeal." Although the post-conviction court's finding is phrased as a legal conclusion, it appears that the court believed the trial counsel's account of the facts. Thus, petitioner's representation was "reasonably effective," because he did not "show by a preponderance of the evidence that his counsel failed to exercise reasonable professional skill and judgment, [and] that the failure [to appeal] denied him effective representation." ORS 138.620(2); *Yeager v. Maass,* 93 Or App 561, 763 P2d 184, *rev den* 307 Or 340 (1989).

that petitioner be afforded the same opportunity as his co-defendant to appeal the denial of the motion to suppress. The state agrees that the post-conviction court correctly concluded that he was not denied the right to counsel and that he waived his right to appeal. It also concedes that, if he had decided to appeal, the outcome would have been the same as in his brother's appeal. However, the state argues that, because petitioner knew he had a right to appeal, and voluntarily waived that right, the court erred in granting him relief on the basis of considerations of fundamental fairness.

■    The general rule is that waiver of the right to have an issue reviewed on appeal precludes post-conviction relief as to *that issue*. ORS 138.540(1);[2] *Batchelor v. State,* 47 Or App 697, 699, 614 P2d 1236 (1980); *Lerch v. Cupp,* 9 Or App 508, 514, 497 P2d 379 (1972). The rule applies whether the person failed to appeal at all, as here, or appealed but failed to raise the issue in that proceeding. ORS 138.550(1), (2).[3] Because petitioner waived his right to appeal the denial of his motion to suppress, post-conviction relief is precluded as to that issue.

Relief would not be precluded if the failure to pursue an appeal was the result of ineffective assistance of counsel, because that would establish a "substantial denial" of constitutional rights of such magnitude that it "render[s] the conviction void." ORS 138.530(1)(a). In *Lerch v. Cupp, supra,* the petitioner sought post-conviction relief because he had

---

[2] ORS 138.540(1) provides, in part:

"The remedy created by ORS 138.510 to 138.680 [the Post-Conviction Hearing Act] does not replace or supersede the motion for new trial, the motion in arrest of judgment or direct appellate review of the sentence or conviction, and a petition for relief under ORS 138.510 to 138.680 shall not be filed while such motions or appellate review remain available." (Emphasis supplied.)

[3] ORS 138.550(1) provides, in part:

"(1) The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680."

This provision must be read in conjunction with ORS 138.550(2), which provides, in part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Thus, appealable issues may not be asserted in a post-conviction proceeding.

been denied his right to a speedy trial. He did not argue that his counsel had not informed him of that right or was ineffective in any way. However, although he was aware of the issue and could have raised it on direct appeal, he did not. We held that,

> "[w]hile the petition here does assert the infringement of rights of constitutional dimension, under the facts as alleged, that alone is insufficient to establish a 'substantial denial' of constitutional rights. ORS 138.530(1)(a). We adhere to the rule that *petitioner must at least allege facts sufficient to show fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel* guaranteed by the Sixth Amendment or that the issue sought to be determined in a post-conviction hearing could not reasonably have been raised had there been an appeal." 9 Or App at 515-16. (Emphasis supplied.)

In *Lerch,* the petitioner was denied relief because his petition failed to allege ineffective assistance of counsel. In the present case, however, representation at trial was reasonably effective, and petitioner voluntarily waived his right to appeal. Under the circumstances, he would not be granted relief.

■    However, we must still decide whether the post-conviction court was correct in concluding that fundamental fairness requires that he be given a second chance in the light of his brother's success. The post-conviction court's authority is expressly limited by ORS 138.530(1). *Dockery v. Maass,* 99 Or App 219, 781 P2d 1230, *rev den* 308 Or 660 (1989). Fundamental fairness is not an independent ground for relief, but must be encompassed in a substantial denial of constitutional rights. The post-conviction court cited the Fifth and Fourteenth Amendments and Article I, section 20, of the Oregon Constitution. It is difficult to discern the precise constitutional theory on which the court based its holding. "Fundamental fairness" has been a ground for post-conviction relief only in very limited circumstances. The only relevant application of the theory in this state has been when a petitioner proves that he was denied the right to appeal because of the culpable negligence of counsel. *Welch v. Gladden,* 253 Or 228, 232, 453 P2d 907 (1969); *Shipman v. Gladden,* 253 Or 192, 202-03, 453 P2d 921 (1969); *see also Krummacher v. Gierloff,* 290 Or 867, 874, 627 P2d 458 (1981). In those cases, when counsel,

against a defendant's wishes, failed to file a notice of appeal within the permissible time, the Supreme Court held that,

> "because of the culpable negligence of his counsel petitioner was deprived of his Fourteenth Amendment right to due process. Since the *state's criminal process would be found lacking in fundamental fairness if it permitted the deprivation of appellate review by the culpable neglect of counsel,* the state must provide a remedy adequate to restore the impaired right. Fortunately, Oregon has provided such a procedure as part of its Post-Conviction Hearing Act." *Shipman v. Gladden, supra,* 253 Or at 203. (Emphasis supplied.)

Fundamental fairness has never been a basis for affording relief merely because a person has reconsidered the wisdom of foregoing an appeal. Petitioner made no showing that he suffered a substantial denial of his constitutional rights because of ineffective assistance of counsel or that the issue could not have been raised on direct appeal. He is not entitled to relief simply because of his brother's success.

Reversed.